# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **JOHN E. GRISHAM** § | |
| **Plaintiff,** § | |
| § | |
| V. § | Civil Action No. _____ |
| § | |
| **BAXANO SURGICAL, INC.** § | |
| § | |
| **Defendant.** § | |

## ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff John E. Grisham ("Grisham") files this Complaint seeking relief for his retaliatory discharge from employment with Defendant in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq.*; and would show this Court as follows:

### I.   PARTIES

1. Plaintiff John E. Grisham ("Grisham") is a Texas resident, who resides at 3500 Brookshire Run, Corinth, Denton County, Texas, and is a former employee of Defendant.

2. Defendant Baxano Surgical, Inc. ("Baxano") is a Delaware corporation with its principle place of business located at 110 Horizon Drive, Suite 230, Raleigh, North Carolina 27615. Baxano may be served with process by serving its registered agent National Corporate Research, Ltd., 615 S. Dupont Highway, Dover, Delaware 19901. Baxano meets the requirements for jurisdictional coverage under Title VII.

## II. JURISDICTION AND VENUE

3. This action for retaliatory discharge arises under the employment discrimination laws of the United States of America, codified in Title 42 of the United States Code Section 2000(e). Thus, this Court's jurisdiction is invoked under Title 28 U.S.C. § 1331, and supplemental jurisdiction for his state law claims that arise from the same facts which form the basis of his federal question employment claims under 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3) because this is where the unlawful employment practices are alleged to have been committed and because it is the place where Plaintiff worked and would continue to work except for Defendant's unlawful actions.

## III. FACTUAL BACKGROUND

5. Baxano is a medical device company focused on designing, developing and marketing products to treat degenerative conditions of the spine to customers throughout the United States.

6. Grisham works in the field of medical sales, and Defendant employed him as its Regional Sales Manager for the Southwest. In this position, Grisham worked from his home in Denton County. His territory ranked in the top three for total sales. Indeed, Grisham was an exemplary employee, who had received an outstanding performance evaluation less than a week before Baxano wrongfully terminated him on October 14, 2013.

7. Less than twenty four hours before Grisham's termination, he composed and sent an email to Ken Reali ("Reali"), Baxano's CEO and President, detailing the inappropriate and sexually harassing behavior of Chad Terefenko ("Terefenko") towards subordinate Baxano female

employees. Grisham believed Terefenko's conduct violated the law by subjecting a subordinate employee to sexually demeaning and harassing behavior, and therefore, posed a huge liability to Baxano. So he composed a confidential email and sent it to Reali on the afternoon of Sunday, October 13, 2013.

8. The next day Greg Slusser, Baxano's Vice-President of Commercial Operations, and Lisa Maxon, its human resource manager joined his supervisor Joe Bocchino for their regularly scheduled weekly pipeline call. During the call, the informed Grisham that he was being discharged.

9. Following his termination from Baxano, on or about October 23, 2013, Grisham filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"). All administrative prerequisites have been met through his EEOC Charge (No.: 450-2014-00281). On June 4, 2014, the EEOC issued Grisham a 'Notice of Right to Sue' upon request. Less than ninety days have elapsed since Grisham's receipt of the notice of right to sue and the filing of this complaint.

10. As a result of the foregoing, Grisham suffered harm, including but not limited to the following: loss of job, earnings, benefits and seniority, mental anguish, emotional trauma and associated physical health ailments, inconvenience, loss of enjoyment of life, and other non-pecuniary harm. While the legal remedies available to Grisham for the harm he suffered as a result of Defendant's retaliatory conduct are inadequate, he nevertheless files this suit seeking all available damages to compensate him for his injuries.

IV.   CAUSES OF ACTION

A.   <u>**COUNT I: Retaliatory Discharge - Title VII 42 U.S.C. §2000e,** *et seq.*</u>

11.   Grisham refers to and incorporates herein the allegations of Paragraphs 1-10 above as if set out in full here.

12.   Defendant Baxano's actions, conduct and practices, complained of herein, constitute purposeful retaliation for his opposition to discrimination in violation of 42 U.S.C. § 2000e-3.

13.   Under the provisions of 42 U.S.C. §2000e, *et. seq.* and § 1981a, Grisham seeks, and is entitled to recover back pay, front pay, in lieu of reinstatement, compensatory damages, costs and attorneys' fees.

14.   Baxano terminated Grisham with malice toward or with reckless indifference to his federally-protected rights.  Therefore, Grisham is also entitled to, and therefore, seeks punitive damages pursuant to 42 U.S.C. § 1981a.

B.   <u>**COUNT II: Intentional Infliction of Emotional Distress**</u>

15.   Grisham refers to and incorporates herein the allegations of Paragraphs 1-14 above as if set out in full here.

16.   Defendant Baxano's actions complained of herein were extreme and outrageous, they caused Grisham to suffer severe emotional distress. The perpetrators either desired to inflict severe emotional distress or knew sever emotional distress would be certain or substantially certain to result from its conduct, and sought to dissuade others similarly situated from opposing unlawful employment practices under Title VII. As such, Baxano's wrongful conduct constitutes intentional

infliction of emotional distress.

17. Defendant Baxano's actions complained of herein were performed with malice toward or with reckless indifference to Grisham's legally protected rights.

18. As a result of their wrongful conduct, Grisham has suffered harm, including but not limited to the following: loss of job; earnings; benefits and seniority; mental anguish; emotional trauma and associated physical health ailments; inconvenience, loss of enjoyment of life, and other non-pecuniary harm.

V. RESPONDEAT SUPERIOR

19. Under the doctrine of *respondeat superior*, Defendant Baxano is liable for the actions of its officers, managers, supervisors, and other employees because their wrongful conduct occurred within the course and scope of their employment for Baxano.

VI. DEMAND FOR JURY TRIAL

20. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Grisham hereby demands a trial by jury on all issues permitted by law.

VII. PRAYER FOR RELIEF

For the reasons stated above, Plaintiff John E. Grisham respectfully requests that this Court enter judgment against Defendant Baxano Surgical, Inc. for retaliatory discharge; award him back pay, front pay and future lost wages, compensatory damages, mental anguish damages, punitive damages, costs incurred, reasonable attorney's fees, and pre- and/or post-judgment interest as allowed by law; and for any other relief to which he may show himself to be justly entitled.

**Dated**: August 25, 2014	Respectfully submitted,

**JOHN E. GRISHAM**

By and through his attorneys,

*/s/ Eve L. Henson*
Eve L. Henson
Texas State Bar No. 00791462
eve@hensonkettles.com

**HENSONKETTLES, PLLC**
6116 N. Central Expressway,
SMU Building, Suite 720
Dallas, Texas 75206
Tel. (214) 750-9700
Fax. (214) 750-9704

Of Counsel:

Jennifer W. Hilburn
Texas State Bar No. 00792003
Louisiana State Bar No. 27908
jennifer@hilburnlaw.com

**HILBURN & HILBURN, APLC**
220 Carroll Street, Bldg B
Shreveport, LA 71105
Tel. (318) 868-8810
Fax. (877) 462-6796

**ATTORNEYS FOR PLAINTIFF
JOHN E. GRISHAM**